(19 App. Div. 226.)

BRADY v. KINETOSCOPE EXHIBITING CO. et al.

(Supreme Court, Appellate Division, First Department. June 18, 1897.)

PREFERRED CALENDAR—RESTORATION OF CASE.
    The justice sitting for the trial of preferred causes has necessarily vested in him some discretion as to the disposition of cases upon the day calendar; and if it is made to appear to him that something has occurred, since a case was put on the preferred calendar, which renders it unjust to compel either party to go to trial, he has power to give such direction regarding the case as circumstances require.

Appeal from trial term.

Action by William A. Brady against the Kinetoscope Exhibiting Company and others. From an order denying motion to restore case to preferred calendar for trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

I. M. Dittenhoefer, for appellant.

PER CURIAM. This action was on the preferred calendar on the 4th day of January, 1897. Upon the call of the calendar on that day, it appeared, and was stated to the justice presiding at the term, that the wife of the plaintiff had died a few days before, and that the plaintiff was at that time sick and in bed, because of his grief on account of the sudden death of his wife, and unable to attend the trial of the action. Application was made that the case

might stand over until the next day, at which time the plaintiff would be able to appear. This was consented to by the defendants' counsel, but the justice denied the application, and sent the case to the foot of the calendar, because of want of power to give the relief requested. A motion was subsequently made to restore the case to the calendar, upon affidavits in which these facts were made to appear, and that motion was denied. No opinion was written, and no reason given in the order why the motion was denied.

We do not agree with the learned justice that the court had no power to grant to the plaintiff the relief asked for on the 4th of January, and to let the case stand until he was able to appear in court. The right to have the case on the preferred calendar is one given by statute. Code Civ. Proc. § 791, subd. 10. Rule 6 prescribes that a case like this shall be put upon the preferred calendar upon proper application, and, when an order so putting it upon the calendar has been made, it is to be called in part 2 of the trial term, and disposed of in its regular order thereon. The rules contain no further direction as to the disposition of the case upon the preferred calendar, but it is not necessary that they should. The justice sitting in that court, like a judge sitting in any other court for the trial of causes, has necessarily vested in him some discretion as to the disposition of cases upon the day calendar. He is not obliged to order them peremptorily to trial simply because they are upon the calendar. If it shall be made to appear to him that something has occurred since the case was put on the calendar which renders it unjust to compel either party to go to trial, he always has authority to give such direction in regard to the case as circumstances shall seem to require. There is no hard or fast rule which compels a judge to disregard the existing conditions at the time a case is reached upon the day calendar, and force a party to trial when manifest injustice would result from that act. We have no doubt that the court had power to grant to the plaintiff the relief he asked for on the 4th of January, when he was sick in his bed; and, after that had been denied, this motion to restore the case to the preferred calendar should have been granted.

The order denying the motion should therefore be reversed, and the motion granted; but under the circumstances, as the defendants did not oppose the granting of the order, it should be without costs.